UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80315-CIV-CANNON/Reinhart

**PATRICK J.P. LEACH**,

    Plaintiff,

v.

**COMMISSONER OF SOCIAL SECURITY**,

    Defendant.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' Cross Motions for Summary Judgment [ECF Nos. 20, 21] and the Report and Recommendation on those Cross Motions [ECF No. 33]. Upon review of the full record, the Report [ECF No. 33] is **ACCEPTED**; Defendant's Motion for Summary Judgment is **GRANTED** [ECF No. 21]; Plaintiff's Motion for Summary Judgment is **DENIED** [ECF No. 20]; and the decision of the Administrative Law Judge (ALJ) is **AFFIRMED**.

### BACKGROUND

*Pro se* Plaintiff Patrick J.P. Leach ("Plaintiff") initiated the instant action in March 2022, seeking review of ALJ Jose Perez-Gonzalez's October 2020 denial of Plaintiff's applications for disability insurance benefits and supplemental security income, as well as the Appeals Council's November 2021 decision to decline review of the ALJ's decision [ECF No. 1]. Both parties thereafter moved for summary judgment [ECF Nos. 20, 21, 24].[1] The Court referred those motions

---

[1] Defendant's Motion for Summary Judgment contains Defendant's Response in Opposition to Plaintiff's Motion [*see* ECF No. 21].

to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 2]. On February 21, 2024, Judge Reinhart issued the instant Report [ECF No. 33], recommending the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 20], grant Defendant's Motion for Summary Judgment [ECF No. 21], and affirm the ALJ's decision. Plaintiff filed purported objections to the Report, to which Defendant responded [ECF Nos. 34–35].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

CASE NO. 22-80315-CIV-CANNON/Reinhart

**DISCUSSION**

The Court has reviewed the well-reasoned Report and agrees with the findings and conclusions contained therein: the ALJ's decision was supported by substantial evidence, and the Appeals Council did not err in declining to review the ALJ's decision [ECF No. 33]. The Report carefully recounts the substantial record evidence developed before the ALJ; examines the ALJ's analysis of the five-step disability analysis as applied to the record evidence, *see* 20 C.F.R. § 1520; correctly concludes that the ALJ considered Plaintiff's impairments as a whole and followed the instructions in a previous remand order; evaluates Plaintiff's generalized and citation-less challenges to the ALJ's decision; and properly concludes that the Appeals Council did not err under the circumstances in declining to review the ALJ's decision [ECF No. 33].

Plaintiff's generalized objections do not reveal any error in the Report. As noted, a party seeking to lodge an objection to a Report must "specifically identify" the objected-to findings or recommendations. *See* Fed. R. Civ. P. 72(b)(2) (requiring an objecting party to "serve and file specific written objections to the proposed findings and recommendations); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (directing district courts not to consider "[f]rivolous, conclusive, or general objections"); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (noting that "a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with"). Plaintiff has not done so here—instead lodging conclusory and general challenges to the ALJ's conclusions and to the Appeals Council's decision to deny review [ECF No. 34 pp. 1–5]. The Court therefore need not conduct a *de novo* review of the Report except as to legal conclusions. Having done so, the Court sees no error, clear or otherwise, in the Report's findings or conclusions. Substantial evidence supports the ALJ's decision to deny Plaintiff's

CASE NO. 22-80315-CIV-CANNON/Reinhart

application for benefits, and the Appeals Council did not err in declining to review the ALJ's decision or in declining to consider any evidence.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED**.
    a. Plaintiff's Motion for Summary Judgment [ECF No. 20] is **DENIED**.
    b. Defendant's Motion for Summary Judgment [ECF No. 21] is **GRANTED**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at the address listed below.
3. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 58.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 20th day of March 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Patrick J.P. Leach
6676 Country Winds Cove
Lake Worth, FL 33463
PRO SE